Edward DORSEY, Plaintiff–Appellant,

v.

**WAL–MART STORES, INC.,** Defendant–Appellee.

No. 01–3645.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2002.

Before KENNEDY and DAUGHTREY, Circuit Judges; BELL, District Judge.*

*ORDER*

Edward Dorsey, proceeding pro se, appeals a district court judgment dismissing his employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Dorsey is an African–American over the age of 40 who had been employed by the defendant as an assistant store manager before being demoted for absenteeism in 1998. After properly exhausting his EEOC remedies, Dorsey filed this action on October 26, 1999, asserting that other employees outside of the protected categories who had attendance problems had not been demoted. The action was referred to a magistrate judge for final disposition by consent of the parties. Upon the defendant's motion, the magistrate judge granted summary judgment to the defendant and dismissed the action.

In his timely appeal, Dorsey reasserts his claims and requests oral argument.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendant. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995).

Dorsey's claims that the defendant discriminated against him on the basis of race and age are without merit. The Supreme Court established a three-part framework for the allocation of proof in employment discrimination cases. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The complainant carries the initial burden of establishing a prima facie case of discrimination by showing that: 1) he is a member of a protected class, 2) he was subjected to an adverse employment action or was discharged, 3) he was qualified for the position, and 4) he was replaced by a person outside of the protected class if asserting race, color, or gender discrimination, or that he was replaced by a substantially younger person if asserting age discrimination. *Id.* at 802, 93 S.Ct. 1817; *see also O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 371 (6th Cir.1999); *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992). Under a disparate treatment theory, the fourth element of the prima facie case is satisfied by showing that a similarly-situated non-minority employee received better treatment for the same or similar behavior. *Mitchell,* 964 F.2d at 582–83; *Davis v. Monsanto Chem. Co.,* 858 F.2d 345, 347 (6th Cir. 1988).

Dorsey established some, but not all, of the elements of a prima facie case. The parties agreed that Dorsey met the first two elements-he is an African–American over age 40 and demotion is an adverse employment action.

But Wal–Mart argued that Dorsey did not meet the third element due to his repeated absences from work in May and July 1998 and his unwillingness to work with his management team on his attendance problems. Wal–Mart's argument is inappropriate at this stage. "[W]hether or not a plaintiff makes a prima facie case must be ascertained by weighing the plaintiff's evidence that [ ]he was meeting h[is] employer's legitimate expectations, not by considering the nondiscriminatory reasons produced by the defendant as its reason for terminating h[im]." *Cline v. Catholic Diocese,* 206 F.3d 651, 662–63 (6th Cir. 2000). Review of the record shows that Dorsey otherwise was meeting Wal–Mart's legitimate expectations as his score on his 1998 performance appraisal fell within the category of "meets expectations."

Regardless of any dispute about the third element, Dorsey still failed to establish a prima facie case as he did not establish the fourth element, i.e., that a similarly-situated non-minority employee received better treatment than he did for similar behavior. Dorsey admitted at his deposition that he had no evidence of attendance problems for the four employees named in the EEOC charge as having received better treatment:

Q. Do you know of any specific situation or circumstances with regard to Joe, Julie, Dale, or Nicole—do you know anything about their attendance?

A. No.

Q. So if I went down a list and said can you give me times they came in late or that they didn't show up or they called in with lame excuses can you give me any situation where that occurred?

A. No.

[Sic]. (Dorsey's Dep., p. 79). Thus, Dorsey did not show that anyone received better treatment for the same behavior.

Accordingly, the request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.